UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                        Petitioner,

-against-

SUPERINTENDENT OF GREEN HAVEN,

                        Respondent.

24-CV-8728 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

      Petitioner, who currently is incarcerated at Green Haven Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his March 17, 2022 New York State Supreme Court, New York County conviction. By order dated November 26, 2024, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court dismisses the petition, with 90 days' leave to file an amended petition.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

      The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original);

*see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Nigel Fredricks challenges his March 17, 2022 New York State Supreme Court, New York County conviction, in which he pleaded guilty to charges of second-degree attempted assault and second-degree strangulation. (ECF 1, at 1.) According to public records of the Department of Corrections and Community Supervision, Petitioner is serving a sentence of four to eight years' incarceration. Petitioner indicates that he appealed his conviction and that the appeal is pending. (*Id.* at 2.)

On September 20, 2022, the Court dismissed a prior Section 2254 petition filed by Petitioner, where he challenged the same conviction, *see Fredericks v. Warden Auburn C.F.*, No. 22-CV-3968 (LTS) (S.D.N.Y. Sept. 21, 2022), because he had not exhausted his state court remedies. The Court had provided Petitioner an opportunity to file an amended petition to show that he had exhausted his remedies, but he declined to do so. Instead, he submitted a letter, which appears to challenge the calculation of his sentence; the letter did not, however, state facts showing that he had exhausted his state court remedies.

## DISCUSSION

An individual who challenges the constitutionality of his conviction and/or sentence must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his

claims through a complete round of the state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust any issues for purposes of *habeas corpus* review, Petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70, as it appears that he has done. Should that court's decision adversely affect Petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should Petitioner raise for *habeas corpus* relief any grounds that he has presented to the state court in a motion under N.Y. Crim. Proc. Law § 440.10 motion or other collateral motions, he must show that those grounds have been completely exhausted by his having sought leave to appeal therefrom to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Petitioner states that his appeal is pending. The Court therefore dismisses this petition, without prejudice to his filing an amended petition showing that he has exhausted his state court remedies. The Court grants Petitioner 90 days' leave to submit an amended petition. Should Petitioner decide to file an amended petition, he must clearly and legibly state his grounds for relief and detail the steps he has taken to fully exhaust each ground for relief in the New York courts.[1] *See* 28 U.S.C. § 2254(b)(1). Petitioner is advised that an amended petition completely replaces the original petition.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal *habeas corpus* petition be filed within one year of the latest of four dates specified. *See* 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice to his filing an amended petition within 90 days of the date of this order.

SO ORDERED.

Dated:   July 21, 2025
        New York, New York

                                                          *Louis L. Stanton*
                                                          Louis L. Stanton
                                                              U.S.D.J.